# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| Jonathan Kastenbaum, Administrator of the Estate of SUPIANTO, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>        Defendant. | No. _____<br><br>Removed from The Circuit Court for the County of Arlington No. CL23000084-00 |

## NOTICE OF REMOVAL

Defendant The Boeing Company hereby removes this civil case from the Circuit Court for the County of Arlington, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division, under 28 U.S.C. §§ 1333(1), 1332(a), 1441, and 1446. This case arises from the crash of Sriwijaya Air Flight 182 into the Java Sea on January 9, 2021. This Court has original jurisdiction, and removal is proper under 28 U.S.C. § 1441(a), because Plaintiff's claims arise under the Court's original admiralty jurisdiction, the amount in controversy exceeds $75,000, and the parties are fully diverse. 28 U.S.C. §§ 1332(a), 1333(1). As a short and plain statement of the grounds for removal, Boeing states the following:

### I.   INTRODUCTION AND BACKGROUND

**A.   The Accident**

This lawsuit arises from the crash of a Boeing 737-500 aircraft into the Java Sea off the coast of Indonesia, on January 9, 2021. The aircraft, Registration No. PK-CLC, was being operated by Sriwijaya Air, an Indonesian air carrier. Ex. A, Compl. ¶ 2. The flight was a commercial, intra-Indonesia flight that departed from Jakarta, Indonesia, and was bound for Pontianak, Indonesia. *Id*. Jakarta is located on the Indonesian island of Java, while Pontianak is across the Java Sea on the island of Borneo. Shortly after takeoff, the aircraft crashed into the water several miles off the

92526429.1

-2-

coast of Java. Ex. A, Compl. ¶ 3; Ex. B, KNKT Final Report at 40. A map depicting the flight path follows:



Hannah Beech & Muktita Suhartono, *Indonesian Jetliner Crashes Into the Sea After Takeoff, Carrying 62*, N.Y. TIMES (Jan. 9, 2021), https://www.nytimes.com/2021/01/09/world/asia/indonesia-plane-crash.html; *see also* Jon Emont et al., *Indonesia Plane Crash: Boeing Passenger Jet Plunges Into Java Sea*, WALL ST. J. (Jan. 9, 2021), https://www.wsj.com/articles/indonesia-says-sriwijaya-air-flight-loses-contact-with-air-traffic-control-11610193925; Ex. B, KNKT Final Report at 40. All sixty-two occupants were citizens of Indonesia. Ex. B, KNKT Final Report at 3. All of the aircraft's occupants perished in the crash. Ex. A, Compl. ¶ 4.

**B.    The State Court Action**

Plaintiff filed this Complaint on January 6, 2023, in the Circuit Court for the County of Arlington, Virginia, as Case No. CL23000084-00. A true and correct copy of the Complaint is

92526429.1

attached as **Exhibit A**. Plaintiff includes counts for strict products liability, negligence, and breach of warranty.

Plaintiff alleges that Boeing designed, manufactured, assembled, and sold the subject aircraft. Ex. A, Compl. ¶ 23. Plaintiff further alleges that, during the accident flight, "the aircraft experienced an asymmetrical and unequal thrust between the right and left engines" due to the failure of the aircraft's autothrottle system. *Id.* ¶¶ 30–33. According to Plaintiff, the failure of the autothrottle system caused the aircraft to crash into the Java Sea. *See id.* ¶¶ 3, 30–38. Plaintiff alleges that the aircraft was defective and unreasonably dangerous. *See, e.g., id.* ¶ 54. Based on these allegations, Plaintiff brings claims for strict products liability, negligence, and breach of warranty. *Id.* ¶¶ 49–78. Plaintiff seeks entry of judgment in the amount of $80,000,000.00. *Id.* at ¶ 78.

Boeing is aware of twenty-one other cases arising from this accident that are currently pending in courts in both Illinois and Virginia.

## II.     GROUNDS FOR REMOVAL

A civil action brought in state court is removable if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). As set forth below, this Court has jurisdiction based on admiralty, 28 U.S.C. § 1333(1), and diversity, 28 U.S.C. § 1332(a).

**A.     This Court has admiralty jurisdiction.**

Federal district courts "have original jurisdiction … of … [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). A civil case is one of "admiralty jurisdiction" if (1) the alleged "tort occurred on navigable water," and (2) the activity in question bears a "substantial relationship to traditional maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995); *Mayor & City Council of Balt. v. BP P.L.C.*, 31 F.4th 178, 226 (4th Cir. 2022). Both requirements are satisfied here.

1. **The alleged tort occurred on navigable water.**

Sriwijaya Air Flight 182 crashed into the Java Sea while flying from one Indonesian island to another. *See* Ex. A, Compl. ¶¶ 2-3; Ex. B, KNKT Final Report at 40. Accordingly, the alleged "tort occur[ed]" at least in part "on navigable waters."[1] *See Grubart*, 513 U.S. at 534. The first requirement for establishing admiralty jurisdiction is therefore satisfied. *Id.*

2. **The accident flight bore a substantial relationship to traditional maritime activity.**

The activity giving rise to the accident in this case—a flight from Jakarta, on the island of Java, to Pontianak, on the island of Borneo—has a "substantial relationship to traditional maritime activity." *See Grubart*, 513 U.S. at 534. Before the advent of aircraft, such a journey would have been made by an ocean-going vessel and is therefore sufficiently related to traditional maritime activity to warrant the exercise of admiralty jurisdiction. *See Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 218–19 (1986) ("Although the decedents were killed while riding in a helicopter and not a more traditional maritime conveyance, that helicopter was engaged in a function traditionally performed by waterborne vessels: the ferrying of passengers from an 'island,' albeit an artificial one, to the shore."); *Miller v. United States*, 725 F.2d 1311, 1315 (11th Cir. 1984) (flight from Bahamas to Florida within admiralty jurisdiction); *Williams v. United States*, 711 F.2d 893, 896 (9th Cir. 1983) (flight from California to Hawaii within admiralty jurisdiction); *Roberts v. United States*, 498 F.2d 520, 524 (9th Cir. 1974) (flight from California to Vietnam within admiralty jurisdiction). The second requirement for establishing admiralty jurisdiction is satisfied.

---

[1] For purposes of admiralty law, "a tort is deemed to occur where the injury occurs." *Taghadomi v. Extreme Sports Maui*, 257 F. Supp. 2d 1262, 1269 (D. Haw. 2002), *aff'd sub nom. Taghadomi v. United States*, 401 F.3d 1080 (9th Cir. 2005). The same is true under any potentially applicable state law. *See, e.g.*, *Corinthian Mortg. Corp. v. Choicepoint Precision Mktg., LLC*, 543 F. Supp. 2d 497, 501 (E.D. Va. 2008) (Virginia) (subsequent history omitted); *Beigel & Sandler v. Weinstein*, No. 92 C 3932, 1992 WL 357523, at *2 (N.D. Ill. Nov. 24, 1992) (Illinois); *Lewis ex rel. Lewis v. Bours*, 835 P.2d 221, 225 (Wash. 1992) (Washington); *Handy v. Uniroyal, Inc.*, 327 F. Supp. 596, 599 (D. Del. 1971) (Delaware). Accordingly, this particular issue does not require the Court to examine or choose among any potentially applicable bodies of substantive law, and Boeing does not waive, but rather expressly reserves, the right to invoke and/or object to the application of any particular body of substantive law in the future, as may be appropriate to the facts and circumstances of the case. By filing this Notice of Removal, Boeing does not waive any other rights, privileges, or defenses and does not concede that this is an appropriate or convenient forum for resolution of these or any other claims.

**B.     This Court also has diversity jurisdiction.**

The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and there is diversity between the plaintiffs, on the one hand, and the defendants, on the other. 28 U.S.C. § 1332(a); *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) ("No plaintiff may share a citizenship with any defendant."); *Metro. Sols. Grp., Inc. v. Rodriguez*, No. 4:21CV99 (RCY), 2022 WL 1607836, at *2 (E.D. Va. May 20, 2022) ("Complete diversity among parties means that the citizenship of every plaintiff must be different from the citizenship of every defendant."). Both requirements are satisfied here.

**1.     The parties are completely diverse.**

Plaintiff is the legal representative for the estate of the decedent, who was a citizen and resident of Indonesia, where he was domiciled. *See* Ex. A, Compl. ¶¶ 7-8. For diversity purposes, Plaintiff is therefore a citizen of Indonesia. *See* 28 U.S.C. §§ 1332(a)(2), 1332(c)(2); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 93–94 (2005).[2]

Boeing is a citizen of both Delaware and Virginia. Boeing is a Delaware corporation that has its headquarters and principal place of business in Arlington, Virginia. *See* Boeing's 2022 Form 10-Q Quarterly Report for quarterly period ending September 30, 2022 at 1 (listing Arlington, Virginia as the "Address of principal executive offices"), available at https://www.sec.gov/Archives/edgar/data/12927/000001292722000073/ba-20220930.htm (last visited January 10, 2023). For diversity purposes, Boeing is a citizen of Delaware and Virginia. *See* 28 U.S.C. § 1332(c)(1).

**2.     The amount in controversy exceeds $75,000, exclusive of interest and costs.**

Plaintiff seeks $80,000,000.00 in damages. Ex. A, Compl. ¶ 78. ("WHEREFORE, Jonathan Kastenbaum, Administrator of the Estate of SUPIANTO, deceased, through his undersigned counsel, prays for the entry of a judgment in his favor and against Defendant The

---

[2] Although the plaintiff Jonathan Kastenbaum is a citizen of Virginia, he is acting as administrator of the Estate of Supianto, who was a citizen and resident of Indonesia, where he was domiciled. Because Plaintiff Kastenbaum is acting as the legal representative of an estate, his citizenship is determined solely by the citizenship of the decedent. 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen **only** of the same State as the decedent[.]")(emphasis added).

Boeing Company in the amount of EIGHTY MILLION DOLLARS….”). The amount in controversy therefore exceeds $75,000, exclusive of interests and costs.[3]

The forum-defendant rule does not bar removal here for two, independent reasons. **First,** Boeing removed based on the Court's admiralty jurisdiction, as well as diversity jurisdiction. Therefore, the forum-state defendant prohibition of § 1441(b)(2)—which applies only to removal "solely" on diversity—is inapplicable. *See Crisanto v. Caladan Oceanic, LLC*, No. 3:18-CV-1270-B, 2018 WL 3641703, at *3 (N.D. Tex. Aug. 1, 2018) (defendants removing admiralty cases under §§ 1333 and 1441 need only show that they meet the jurisdictional requirements of diversity jurisdiction; forum-defendant rule is inapplicable in this scenario); *Boakye v. NCL (Bah.) Ltd.*, 295 F. Supp. 3d 1342, 1346 (N.D. Ga. 2018) ("Whereas before the amendment [to 28 U.S.C. § 1441], *no* case could be removed if a defendant was in his home state, *unless* there was a federal question, now *all* cases involving a home state defendant in which a federal court could have original jurisdiction can be removed *unless* jurisdiction is based solely on diversity.") (emphasis in original); *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 817–18 (7th Cir. 2015).

**Second,** Boeing has not been served with a copy of the Complaint. The forum-defendant rule applies only to bar removal where diversity is the only basis for jurisdiction and a forum defendant has been "properly joined and served[.]" 28 U.S.C. § 1441(b)(2); *see also*, *e.g.*, *Gibbons v. Bristol-Meyers Squibb Co.*, 919 F.3d 699, 702 (2d Cir. 2019); *Encompass Ins. v. Stone Mansion Rest.*, 902 F.3d 147, 151–54 (3d Circ. 2018); *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485–87 (5th Cir. 2020); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *Spigner v. Apple Hosp. REIT, Inc.*, No. 3:21CV758 (DJN), 2022 WL 1451397, at *6 (E.D. Va. Mar. 1, 2022).

**C.      Boeing has satisfied the other requirements for removal.**

Boeing's removal is timely. Boeing has not yet been served with a copy of the Complaint, so the 30-day clock on removal has not begun to run under 28 U.S.C. § 1446(b).

---

[3] Boeing does not concede that Plaintiff is entitled to recover more than $75,000 and denies that Plaintiff is entitled to recover any damages from Boeing.

92526429.1

A true and correct copy of the Complaint is attached as **Exhibit A**. Boeing has not been served with any process, pleadings, or orders in the state court action, so it has met the requirements of 28 U.S.C. § 1446(a).

The venue for this removed action is proper. This Court is the United States District Court for the district and division embracing the place where the removed action was pending. *See* 28 U.S.C. § 1441(a).

Boeing is today serving this Notice of Removal on Plaintiff and will promptly file a copy of this Notice with the Clerk of the Circuit Court for the County of Arlington, Virginia, in accordance with 28 U.S.C. § 1446(d).

### III.   CONCLUSION

WHEREFORE, Boeing hereby removes this action from the Circuit Court for the County of Arlington, Virginia, to this Court.

Dated:  January 11, 2023                                    Respectfully submitted,

By:  /s/ John K. Roche
John K. Roche (VSB# 68594)
Ariel B. Glickman (VSB# 90751)
Perkins Coie LLP
700 13th St. N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202-434-1627
Facsimile: 202-654-6211
JRoche@perkinscoie.com
AGlickman@perkinscoie.com

**Attorneys for Defendant The Boeing Company**

## CERTIFICATE OF SERVICE

I, John K. Roche, certify that on January 11, 2023, I electronically filed the foregoing *NOTICE OF REMOVAL* with the Clerk of the Court using the CM/ECF system and served a copy by email on the following counsel of record:

Ashley T. Davis, ESQ
Derrick L. Walker, ESQ.
Allen, Allen, Allen, & Allen, P.C.
1809 Staples Mill Road
Richmond, VA 23230
Ashley.davis@allenandallen.com
Derrick.walker@allenandallen.com

Steven C. Marks, ESQ.
Pablo Rojas, ESQ.
Podhurst Orseck, P.A.
One SE Third Avenue, Suite 2300
Miami, FL 33131
smarks@podhurst.com
projas@podhurst.com

  /s/    John K. Roche
PERKINS COIE LLP
700 13th St. N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202-434-1627
Facsimile: 202-654-6211
JRoche@perkinscoie.com

92526431.1